Argued January 6, affirmed January 12, 1915.

# GOLDSTEIN *v*. PACIFIC HOME INS. CO.*

(145 Pac. 267.)

**Witnesses—Cross-examination—Scope.**

1.  Where a witness testified that acting as agent of defendant he issued to plaintiff written permission, to be attached to plaintiff's policy, authorizing the removal of the insured property from its original location to the place where it was burned, it was proper to ask him on cross-examination whether he had not been discharged from defendant's service prior to issuing the permit.

 [As to general rules respecting authority of agent, see note in 16 Am. St. Rep. 493.]

**Insurance—Acts of Agent—Termination of Authority—Notice.**

2.  Where plaintiff had obtained insurance in question from a particular agent of defendant and had obtained from him written authority to remove the insured property from one building to another, defendant was not entitled to repudiate such permission in an action on the policy on the ground that the agent had been discharged prior to issuing the permit in the absence of proof of notice thereof to plaintiff.

 [As to liability of principal for unauthorized act of agent, see notes in 22 Am. St. Rep. 189; 88 Am. St. Rep. 779.]

From Washington: JAMES A. EAKIN, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is an action by Frank Goldstein against the Pacific Home Mutual Fire Insurance Company, to re-

---

*On the question of the necessity and sufficiency, as between principal and third person, of notice of termination of agency by act of the parties, see note 41 L. R. A. (N. S.) 663.                    REPORTER.

cover the amount of a policy of insurance issued by the defendant upon a stock of clothing and other like merchandise, together with furniture and store fixtures, contained in a brick building situated at No. 242 Burnside Street, Portland, Oregon. It is alleged that a fire occurred during the life of the policy which totally destroyed the insured property. The complaint contains other appropriate allegations about giving notice to the company of the loss and demand for the payment of the amount named in the policy, together with the defendant's refusal to pay. The destroying fire happened at No. 33 North Second Street, and concerning that the complaint contains this allegation:

"That on or about the 9th day of August, 1911, the defendant herein granted to the plaintiff in writing its permission to remove all items insured under policy No. 3152, located at No. 242 Burnside Street, to the two-story frame shingle roof building No. 33 North Second Street, Portland, Oregon, and attached said permission to and made it a part of policy No. 3152 of the Pacific Home Mutual Fire Insurance Company, of Forest Grove, Oregon."

This averment was denied by the answer, and the case turns upon the issue thus formed, according to the assignments of error. The result of a jury trial was a judgment in favor of the plaintiff, from which the defendant appeals.     AFFIRMED.

For appellant there was a brief over the names of *Mr. Benton Bowman* and *Mr. J. N. Hoffman,* with an oral argument by *Mr. Bowman.*

For respondent there was a brief over the names of *Messrs. Bernstein & Cohen* and *Mr. Edmund B. Tongue,* with oral arguments by *Mr. D. Solis Cohen* and *Mr. Tongue.*

MR. JUSTICE BURNETT delivered the opinion of the court.

To sustain the issues on his part, the plaintiff called Ralph Feeney, who testified that he was the agent who solicited and effected the insurance for the company and delivered the policy to the plaintiff. He also testified that, acting as agent for the defendant, he issued to the plaintiff a written permission to be attached to the policy authorizing the removal of the insured property from 242 Burnside Street to the two-story frame shingle roof building at No. 33 North Second Street, where the fire occurred. On cross-examination the attorneys for the defendant propounded several questions to Feeney designed to show that, prior to the time of issuing the permit mentioned, he had been discharged from the service of the insurer. The court sustained the objection of plaintiff to these questions on the ground that the testimony sought to be elicited was incompetent, irrelevant and immaterial, and not proper cross-examination. The question is presented in several different forms, but they all amount to the same thing.

1, 2. It was proper cross-examination to ask the witness if his agency had not ceased prior to the issuing of the permit. The situation for the plaintiff, however, is saved by the principle that, where a party has dealt with another through an agent of the latter in any transaction, he is entitled to rely upon the acts of the agent until the termination of the transaction, in the absence of any notice to him that the agency has been ended: *Union Bank & Trust Co.* v. *Long Pole Lbr. Co.*, 70 W. Va. 558 (74 S. E. 674, 41 L. R. A. (N. S.) 663).

There is no testimony in the record tending to show that the plaintiff had any notice of the cessation of Feeney's agency for the company, and there was no offer on its part to show that such was the fact. Under such circumstances, the error in denying the defendant the right to cross-examine the witness on that point becomes negligible because, taken alone, the mere termination of the agency through which the transaction was initiated would not affect the result. The case comes within the spirit of Section 556, L. O. L., declaring:

"Upon an appeal from a judgment, the same shall only be reviewed as to questions of law appearing upon the transcript, and shall only be reversed or modified for errors substantially affecting the rights of the appellant. * * *"

The judgment is therefore affirmed. AFFIRMED.

MR. JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE BENSON concur.